UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOPHIA M. ALEXANDER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action |
| | ) No. 09-CV-10065-GAO |
| BAIN CAPITAL, LLC, | ) |
| Defendant. | ) |

## ANSWER

For its Answer to the numbered paragraphs contained in the Plaintiff's Complaint, Defendant Bain Capital, LLC ("Bain Capital") hereby responds and states as follows:

### Introduction

Bain Capital states that the allegations contained in the first sentence of the section entitled "Introduction" are introductory in nature and, therefore, no response is required. To the extent that a response is required, Bain Capital denies the allegations contained in the first sentence of the "Introduction." Bain Capital denies the allegations contained in the second sentence of the Introduction.

### PARTIES

1. Bain Capital admits that plaintiff Sophia M. Alexander is an adult individual; and, except as expressly admitted, Bain Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Bain Capital admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION

3.   Bain Capital admits that, on or about January 16, 2007, Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination; admits that said charge of discrimination was cross-filed with the United States Equal Employment Opportunity Commission; and except as expressly admitted, Bain Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.   Bain Capital admits the allegations contained in Paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5.   Bain Capital admits that Plaintiff's employment as its Library Manager began on or about August 2, 2004; admits that, at around this time period, Bain Capital and/or its subsidiaries had approximately $16 billion in assets under its management; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 5 of the Complaint.

6.   Bain Capital admits that, in connection with her application for the Library Manager position, Plaintiff submitted her written resume; admits that Plaintiff's resume sets forth her claimed educational background and prior work experience, and that this writing speaks for itself as to its content; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 6 of the Complaint.

7.   Bain Capital admits the allegations contained in Paragraph 7 of the Complaint.

8.   Bain Capital admits that, at the end of June, 2005, approximately eight months prior to announcing her pregnancy, Plaintiff received her first annual performance evaluation, which noted three core areas of performance deficiency -- (i) interpersonal skills, (ii) flexibility/adaptability, and (iii) feedback; further states that this performance evaluation is a

writing that speaks for itself as to its content; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 8 of the Complaint.

9. Bain Capital admits that, in and around July of 2005, Plaintiff took time away from work for physical therapy appointments; admits that, in and around April of 2006, when Bain Capital's Human Resources office was informed of these recurring appointments, Plaintiff was asked to provide a medical certification so that such time away from work could be credited as intermittent leave under the Family and Medical Leave Act; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 9 of the Complaint.

10. Bain Capital admits that Jessica McGillivray learned of Plaintiff's pregnancy indirectly on or about May 1, 2006; and, except as expressly admitted, Bain Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and accordingly denies said allegations.

11. Bain Capital admits the allegation contained in Paragraph 11 of the Complaint.

12. Bain Capital admits that, or about March 14, 2006, Kevin Whelan met with Plaintiff to discuss her performance deficiencies; admits that Mr. Whelan spoke with Plaintiff about her poor management skills and, more specifically, her ongoing interpersonal and communication problems with colleagues; admits that, during this meeting, Mr. Whelan identified for Plaintiff specific managerial issues that she needed to address, i.e., communicating better with her staff, providing leadership and direction to her staff, helping staff in their professional development, and providing feedback to staff on their work; admits that, at the end of this meeting, Mr. Whelan emphasized the seriousness of the situation and the need for Plaintiff to demonstrate immediate improvement; and admits that Mr. Whelan cautioned Plaintiff that, unless there were substantial improvement in her job performance, he would remove her from the Library

Manager position. Except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 12 of the Complaint.

13. Bain Capital denies the allegations contained in Paragraph 13 of the Complaint.

14. Bain Capital admits that, on or about March 28, 2006, Plaintiff was removed from the position of Library Manager and transferred to a Research Analyst position; admits that Kevin Whelan advised Plaintiff that this decision was based on her continuing performance deficiencies, including more specifically the following: her failure to provide constructive feedback and professional development to her staff, her failure to interact successfully with Library staff, her refusal to communicate with Library staff in person, and her generally poor interpersonal and communication skills; admits that, during this meeting, Mr. Whelan commented that managing staff was not Plaintiff's strength, and that her new position as a Research Analyst (which had no supervisory responsibilities) would give Plaintiff more flexibility to focus on her area of strength -- research analysis; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 14 of the Complaint.

15. Bain Capital denies the allegations contained in Paragraph 15 of the Complaint.

16. Bain Capital admits that, on or about May 1, 2006, Jessica McGillivray was promoted to the position of Library Manager; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 16 of the Complaint.

17. Bain Capital denies the allegations contained in Paragraph 17 of the Complaint.

18. Bain Capital admits that, on May 16, 2006, Plaintiff met with Vice President of Human Resources Kathleen Rockey; admits that, at this meeting, Ms. Rockey and Plaintiff discussed Bain Capital's maternity leave policy and Plaintiff's intermittent leave under the Family

and Medical Leave Act; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 18 of the Complaint.

19. Bain Capital admits that, on or about June 29, 2006, Kathleen Rockey and Kevin Whelan met with Plaintiff and administered her annual Performance Evaluation; admits that the 2006 Performance Evaluation was presented in a memorandum format because (i) Ms. Rockey and Mr. Whelan believed it was the most effective way to provide feedback to Plaintiff about her performance, and (ii) this format made it possible to highlight and prioritize Plaintiff's performance issues most clearly; further states that Plaintiff's performance evaluation is a writing that speaks for itself as to its content; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 19 of the Complaint.

20. Bain Capital admits that Plaintiff periodically received praise from firm colleagues regarding the quality of her research; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 20 of the Complaint.

21. Bain Capital admits that, in an effort to accommodate Plaintiff's intermittent leave under the Family and Medical Leave Act as well as the work hours restrictions placed on her by her physician while minimizing the disruption Plaintiff's absences caused to the Library's operations, Plaintiff was given a specific work schedule and provided with guidelines regarding when lunch should be taken and personal business conducted during the work day; admits that this information was conveyed to Plaintiff in writing (by letter dated August 8, 2006 from Kathleen Rockey, Bain Capital's Vice President of Human Resources), and that this writing speaks for itself as to its content; admits that, other than Plaintiff, no other exempt employees in its Library operations had a specific work schedule because none were on either intermittent FMLA leave or

a restricted hours schedule; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 21 of the Complaint.

22.     Bain Capital admits that, on or about September 8, 2006, Plaintiff formally requested twelve (12) weeks of maternity leave; admits that, in response to this request, Plaintiff was advised that she was eligible for maternity leave under the Family and Medical Leave Act ("FMLA"), but that the amount of such leave would be reduced by any FMLA leave taken during the twelve (12) month period preceding the start of her leave; admits that Plaintiff was further informed that if, at the time of the birth of her child, she had less than eight weeks of available FMLA leave remaining, her maternity leave would be extended such that she would receive a total of eight weeks of leave following the birth of her child, in accordance with that Massachusetts Maternity Leave Act; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 22 of the Complaint.

23.     Bain Capital admits that it received a letter from Plaintiff's attorney dated August 22, 2006; further states that this writing speaks for itself as to its content; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 23 of the Complaint.

24.     Bain Capital admits the allegations contained in Paragraph 24 of the Complaint.

25.     Bain Capital admits that Plaintiff returned to work following her nine week maternity leave on January 2, 2007; admits that, prior to going out on leave, Plaintiff cleaned out her desk and removed her personal belongings; admits that, in accordance with standard firm procedure for employees on leaves of absence, Plaintiff's phone extension was forwarded directly to voice-mail during the pendency of her maternity leave; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 25 of the Complaint.

26. Bain Capital admits that, by e-mail dated January 2, 2007, her first day back from maternity leave, Plaintiff gave notice that she required time off for seven medical appointments in January of 2007; admits that, in response to this request, Plaintiff was informed that routine medical appointments should be scheduled for times that did not conflict with her work schedule, and that Plaintiff should provide advance notice of such appointments so that Bain Capital could approve the absences and plan its operations accordingly; admits that, when Plaintiff stated that she believed the appointments were covered by the Massachusetts Small Necessities Leave Act ("SNLA"), Plaintiff was told that only the appointment for her son qualified under the SNLA and that, even though Plaintiff had not provided the statutorily required 7-day notice of that appointment, the requested time off would nonetheless be granted; and admits that, in addition to the appointment for Plaintiff's son, Bain Capital also approved a second request for time off for a medical appointment during Plaintiff's first week back at work. Bain Capital further states that the foregoing exchange with Plaintiff was conducted via e-mail, and that such documented communications speak for themselves as to their content. Except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 26 of the Complaint.

27. Bain Capital admits the allegations contained in Paragraph 27 of the Complaint.

28. Bain Capital admits that, on or about January 18, 2007, Jessica McGillivray, Kevin Whelan and Kathleen Rockey met with Plaintiff and informed her that the insubordinate and unprofessional conduct she had been exhibiting since her return from maternity leave had to stop; admits that, during this meeting, Ms. Rockey provided Plaintiff with specific examples of the type of unacceptable behavior that Plaintiff had engaged in since her return; admits that Plaintiff was afforded an opportunity to and did respond to the examples cited; and admits that, with respect to the specific examples referenced, Plaintiff either (i) disputed the information provided by Ms.

Rockey or (ii) asserted an explanation that purported to excuse her conduct.  Except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 28 of the Complaint.

29.     Bain Capital admits that, at the conclusion of the January 18, 2007 meeting among Jessica McGillivray, Kevin Whelan, Kathleen Rockey and Plaintiff, Ms. Rockey informed Plaintiff that she was being given a final warning for her insubordinate and unprofessional conduct, and that she would be placed on a performance improvement plan to address her job deficiencies.  Except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 29 of the Complaint.

30.     Bain Capital admits that, effective February 12, 2007, Nancy Cordery was hired as a Research Analyst, the same position that Plaintiff and two other employees at Bain Capital held; admits that Plaintiff and Bain Capital's two other Research Analysts were requested to help train Ms. Cordery; and, except as expressly admitted, Bain Capital is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and accordingly denies the allegations.

31.     Bain Capital admits that Plaintiff was placed on a performance improvement plan on January 25, 2007; admits that this performance improvement plan is a writing that speaks for itself as to its content; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 31 of the Complaint.

32.     Bain Capital admits that, on or about March 1, 2007, Jessica McGillivray, Kevin Whelan and Kathleen Rockey met with Plaintiff to discuss the lack of progress Plaintiff had displayed with respect to the objectives set forth in her performance improvement plan.  Bain Capital further admits that, at this meeting, Plaintiff was informed of the following:  that her unprofessional and insubordinate behavior had to cease immediately; that she had to work

collegially and cooperatively with others; and that Plaintiff had to accept Ms. McGillivray as her supervisor and work with rather than against her.  Bain Capital further admits that, on March 6, 2007, Plaintiff left a letter dated March 2, 2007 (and addressed to Kathleen Rockey) on Jessica McGillivray's chair, and transmitted a copy of this letter by interoffice mail to Ms. Rockey, Mr. Whelan and Ms. McGillivray's immediate supervisor.  Plaintiff's letter dated March 2, 2007 is a writing that speaks for itself as to its content; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 32 of the Complaint.

33. Bain Capital admits that the initial period of Plaintiff's performance improvement plan was three months; admits that, as a result of Plaintiff's continued unprofessional and insubordinate conduct between March 2 and March 6, 2007, Bain Capital determined that additional time and counseling would not improve her conduct and therefore terminated Plaintiff's employment on March 7, 2007; admits that Bain Capital interpreted Plaintiff's letter of March 2, 2007 to be accusing Jessica McGillivray of lying about Ms. Alexander; and, except as expressly admitted, Bain Capital denies the allegations contained in Paragraph 33 of the Complaint.

## COUNT I
### (Sex Discrimination)

34. Bain Capital repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 33 of the Complaint as if set forth fully at length herein.

35. Bain Capital denies the allegations contained in Paragraph 35 of the Complaint.

36. Bain Capital denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT II
### (Retaliation and Interference with Protected Rights)

37. Bain Capital repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 36 of the Complaint as if set forth fully at length herein.

38. Bain Capital states that the allegations contained in Paragraph 38 of the Complaint assert legal conclusions to which no response is required.

39. Bain Capital denies the allegations contained in Paragraph 39 of the Complaint.

40. Bain Capital denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT III
### (Family and Medical Leave)

41. Bain Capital repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 though 40 of the Complaint as if set forth fully at length herein.

42. Bain Capital denies the allegations contained in Paragraph 42 of the Complaint.

43. Bain Capital denies the allegations contained in Paragraph 43 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each and every count thereof fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint, or some of them, are barred in whole or in part by applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has unreasonably failed to prevent or mitigate the damages, if any, from the actions attributed to the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

This action is frivolous, unreasonable and without legal or factual foundation, and Bain Capital is entitled to an award of its reasonable attorneys' fees and costs.

## FIFTH AFFIRMATIVE DEFENSE

Bain Capital reserves the right after discovery to file such additional actions and assert such further defenses as may be appropriate.

WHEREFORE, Defendant Bain Capital, LLC prays that Plaintiff take nothing by her Complaint, that the Complaint and each and every count thereof be dismissed with prejudice, that final judgment enter in favor of the Defendant, and that Bain Capital, LLC be awarded its costs, reasonable attorney's fees, and such other and further relief as the Court may deem appropriate.

> BAIN CAPITAL, LLC,
>
> By its attorneys,
>
> /s/ Robert B. Gordon
>     Robert B. Gordon (BBO No. 549258)
>     M. Concetta Burton (BBO No. 643205)
>     ROPES & GRAY LLP
>     One International Place
>     Boston, MA  02110-2624
>     (617) 951-7000
>     robert.gordon@ropesgray.com
>     concetta.burton@ropesgray.com

Dated:  March 9, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that, a true copy of the above document, filed through the ECF system, will be served electronically on all counsel of record identified on the Notice of Electronic Filing as registered participants, and that paper copies of the above document will be sent via e-mail and first class mail to those counsel who are not registered participants on the ECF system on March 9, 2009.

      /s/ Robert B. Gordon
      Robert B. Gordon (BBO No. 549258)
      ROPES & GRAY LLP
      One International Place
      Boston, MA  02110-2624
      (617) 951-7000
      robert.gordon@ropesgray.com